# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:18-CR-00027-KDB-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| SIHARA MADAHI CARDENAS-JIMENEZ, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon the Government's Motion for Reconsideration of Sentence filed on August 5, 2019 (Doc. No. 118). The Defendant responded on August 7, 2019 (Doc. No. 119).

On May 22, 2019 Defendant filed a Sentencing Memorandum (Doc. No. 97) requesting, in part, a variance from the sentencing guideline range. One of the stated justifications for the variance was that Defendant's base offense level was determined by reference to the guideline for actual methamphetamine, while a co-conspirator's base offense level was determined by reference to the guideline applicable to a mixture and substance containing methamphetamine, although the drugs in the offense conduct were exactly the same. Defendant argued that the Court should vary from the otherwise applicable guideline sentencing range to avoid an unwarranted sentencing disparity among similarly situated defendants, a factor recited in 18 U.S.C. § 3553(a).

On July 16, 2019 the Government filed a Sentencing Memorandum (Doc. No. 110), stating that the Government and Defendant had reached agreement with respect to the application of various contested guideline provisions. This Sentencing Memorandum also

1

recited that the parties had reached an agreement for a one-level variance, for reasons other than the distinction between actual methamphetamine and a mixture and substance containing methamphetamine. The parties jointly recommended that the Court find the appropriate sentencing guidelines range to be 97 to 120 months, and that the Court should impose a sentence of 97 months imprisonment. The Defendant agreed to seek no further variance from the Court.

On August 1, 2019 the Court held the sentencing hearing. *Sua sponte*, the Court asked counsel for the Defendant about the May 22, 2019 motion for variance.[1] The Court asked counsel for the Defendant and the Government whether it was true that other co-conspirators in the offense conduct had their base offense levels set by application of the mixture and substance guideline, while Defendant's base offense level was set by application of the actual methamphetamine guideline. Counsel for both parties confirmed that those were the accurate facts. Notwithstanding, the parties abided by their agreement and asked the Court to impose a term of imprisonment of 97 months.

The Court varied downward two offense levels, stating: "I am, on my own motion, going to vary down two levels so as to avoid unwarranted sentencing disparities amongst similarly situated defendants. I cannot justify myself the same defendants in the same conspiracy, and with the same drugs, starting off at a different base offense level just because the lab reports were back either before or after they entered their plea agreements." (Doc. No. 117, p.14)

The Government's Motion for Reconsideration of Sentence states that the prosecutor, "Upon returning from the hearing, . . . reviewed the records and discovered that the co-

---

[1] The Government's Motion for Reconsideration of Sentence quotes from the hearing transcript as it existed at that time, "Court: I wasn't interested in the argument you made in that motion." The transcript has since been corrected to accurately quote the Court as saying, "I was interested in the argument you made in that motion." (Doc. No. 117, p.7)

2

defendants . . . were held accountable for 'actual' methamphetamine and not 'mixture and substance.'" Counsel for Defendant likewise confirmed that he had erred and provided inaccurate information to the Court on the issue (Doc. No. 119).

It is apparent that the Court varied from the otherwise applicable sentencing guideline range based on incorrect facts supplied, and confirmed in court, by counsel for both parties. Had the Court been provided accurate information it would not have varied, and would have imposed the jointly recommended sentence. Nonetheless, the Court relied on the information counsel provided to it, as it should have been able to do.

The Government now asks the Court to increase the sentence it stated during the sentencing hearing. It cited no authority for the Court to do so, presumably because none exists. To the contrary, the Court is bound by 18 U.S.C. § 3582 and Federal Rule of Criminal Procedure 35. The sentence, once stated, may not be changed, and certainly not increased.

It is regrettable that the Court imposed a sentence based on inaccurate information given to it by both the prosecution and defense, but that is the case and may not now be changed.

**NOW THEREFORE IT IS ORDERED THAT** the Government's Motion for Reconsideration of Sentence (Doc. No. 118) is **DENIED**.

Signed: August 8, 2019

Kenneth D. Bell
United States District Judge